**SEYFARTH**
ATTORNEYS **SHAW** LLP

620 Eighth Avenue
New York, New York  10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5500

Writer's e-mail
jegan@seyfarth.com

May 23, 2018

**VIA ECF**

Hon. Lorna G. Schofield
Southern District of New York
500 Pearl St.
New York, NY 10007

>  Re:   *Matera v. Live Nation Concerts, Inc. et al.*,
>         **Civil Action No. 1:18-cv-01894-LGS**

Dear Judge Schofield:

Plaintiff Annmarie Matera ("Plaintiff") and Defendants Live Nation Concerts, Inc. and Live Nation Worldwide, Inc. (collectively "Defendants") respectfully submit this joint letter pursuant to the Court's Orders dated March 19, 2018 (ECF No. 9) and April 26, 2018 (ECF No. 18):

**(1)   A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion**

  **(a)   Plaintiff's Statement**

Plaintiff claims that the defendants own, operate, and maintain a public accommodation that violates, among other things, the Standards for Accessible Design – Appendix A to 28 C.F.R. Part 36.  The wheelchair user plaintiff seeks monetary and injunctive relief to compel the defendants to, among other things, makes their premises readily accessible and usable to the disabled plaintiff.  Plaintiff brings this lawsuit to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. and its implementing regulations, the New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City New York § 8-107.  Plaintiff also claims that defendants negligently designed, constructed, repaired and maintained their premises in a manner that has rendered their public accommodation inaccessible to the disabled plaintiff.

LONDON   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

**(b)     Defendants' Statement**

Defendants deny that they violated the Americans with Disabilities Act of 1990 ("ADA"), New York State Human Rights Law ("NYSHRL") New York State Civil Rights Law ("NYSCRL"), or New York City Human Rights Law ("NYCHRL"), or committed negligence under New York law.

The facility at issue was originally constructed many years before the ADA effective date for new construction. Defendants deny that they violated the ADA or any state or municipal laws with respect to any alterations performed on or after January 26, 1992 on the grounds that: (1) the conditions identified in the Complaint comply with applicable design standards; (2) that any deviations from those standards are *de minimus* and within construction and/or manufacturing tolerances; and (3) and that strict compliance with design standards were not technically feasible, would have altered the nature of the goods, services, facilities, benefits, and/or accommodations offered to the public, and/or the would have resulted in an undue burden.

In response to Plaintiff's allegations that Defendants should have engaged in readily achievable barrier removal with respect to non-altered elements of the facility, Defendants contend: (1) the conditions identified in the Complaint are not barriers; or (2) removal of the barriers is not readily achievable. To the extent Defendants altered primary function areas of the facility triggering the requirements of 28 C.F.R. § 36.403 (path of travel), Defendants contend that the costs of meeting those requirements were disproportionate to the cost of the alterations. Furthermore, Defendants contend that they were not under any obligation to provide access in a manner that would pose a direct threat to the health and safety of patrons, and at all relevant times made reasonable modifications to their policies, practices and procedures to provide access to patrons with disabilities in a manner than mitigated health and safety risks to all patrons.

To the extent Plaintiff elicits in discovery information about building conditions that do not affect her disability, Plaintiff lacks standing to challenge those conditions. Moreover, Defendants contend that Plaintiff's claim for negligence is invalid because, under New York law, a plaintiff cannot premise a claim for negligence on an alleged ADA violation. *See Lugo v. St. Nicholas Assoc.*, 18 A.D.3d 341, 795 N.Y.S. 2d 227 (1st Dep't 2005).

The major legal and factual issues to be resolved include: (1) identification of the barriers at issue in the Complaint following a Rule 34 joint expert inspection of the facility; (2) determination of whether the removal of any barriers is "readily achievable" or technically infeasible, depending on the applicable requirements; (3) determination of whether Plaintiff was provided with sufficient access to the facility during her alleged visit on July 28, 2017; and (4) if Plaintiff is able to prove access violations, whether and to what extent she is entitled to damages under state and municipal disability laws.

Hon. Lorna G. Schofield<br>
May 23, 2018<br>
Page 3

**(2)    A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes.**

    **(a)    Plaintiff's Statement**

Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA. The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

    **(b)    Defendants' Statement**

The Court has subject matter jurisdiction over Plaintiff's ADA claim, and supplemental jurisdiction over the claims asserted under the NYSHRL and NYCHRL. 28 U.S.C. §§ 1331, 1367. Defendants also do not dispute that venue is proper in this District.

**(3)    A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.**

    **(a)    Plaintiff's Statement**

Plaintiff contemplates a motion for Summary Judgment after the close of discovery for liability and a permanent injunction directing the defendants to remove and cure all statutory violations alleged in the Complaint.

    **(b)    Defendants' Statement**

Defendants do not contemplate any procedural or dispositive motions at this time, other than a proposed stipulated confidentiality order, and motion for summary judgment under Fed. R. Civ. P. 56 after the close of discovery.

**(4)    A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1))**

The parties have not exchanged any discovery to date.

**(5)** **A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii).**

    **(a)** **Plaintiff's Statement**

Plaintiff is not seeking economic damages. The precise amount of damages is not yet fully determined and will be determined through discovery. Plaintiff is seeking non-economic damages such as damages for emotional distress. But plaintiff is unable to provide any meaningful quantification of damages because a "computation" for non-economic damages such as damages for emotional distress are not susceptible to meaningful quantification. See Williams v. Boulevard Lines, Inc., 2013 WL 5652589, at *6 (S.D.N.Y. Sept. 30, 2013) (non-economic damages are inherently difficult to quantify); Jackson v. The Scotts Co., 2008 WL 4355349, at *1 (S.D.N.Y. Sept. 24, 2008) (declining to sanction plaintiff who failed to disclosure calculation of damages for, inter alia, pain and suffering, and noting that "any calculation that may be provided [for such damages] would not be of much use to anyone"); Williams v. Trader Pub. Co., 218 F.3d 481, 486 n. 3 (5th Cir. 2000) (suggesting that Rule 26(a) may not require a specific calculation for non-economic damages); Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005); and EEOC v. Wal-Mart, 276 F.R.D. 637, 639 (E.D. Was. 2011). Plaintiff seeks prejudgment interest for all damages.

    **(b)** **Defendants' Statement**

Defendants deny that Plaintiff is entitled to any damages in this action, and have not asserted any claims for damages in the action.

**(6)** **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties have not engaged in pre-litigation settlement discussions. The parties will request a referral to the Southern District Mediation Program or a settlement conference with the assigned Magistrate Judge after the Rule 34 joint expert inspection of the facility at issue and after the close of fact discovery.

**(7)** **Any Other Information that the Parties Believe May Assist this Court in Resolving the Action**

None at this time.

Hon. Lorna G. Schofield<br>
May 23, 2018<br>
Page 5

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ John W. Egan*

John W. Egan

cc: All counsel of record (via ECF)

46399499v.4